# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:07cv486

| | |
|---|---|
| BIG LOTS STORES, INC. and ) <br> PRODUCT DESIGN CANOPY, LTD., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PAMELA J. GLADDING, ) <br> ) <br> Defendant. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion for Special Admission [Doc. 7] filed by the Defendant's counsel, Eric D. Beal, and the Defendant Pamela J. Gladding's Consented to Motion for Extension of Time to File Responsive Pleading [Doc. 8].

This is a declaratory judgment action in which the Plaintiffs seek a declaration of non-infringement and invalidity of a copyright owned by the Defendant Pamela J. Gladding. Eric D. Beal moves for special admission in this case to appear as counsel for the Defendant without association of

local counsel. For grounds, counsel states that the present matter involves "issues [which] do not justify double employment of counsel."

Local Rule 83.1 provides that an attorney who is not admitted to practice before this Court may seek to be admitted to practice in a particular case by way of a *pro hac vice* admission or by special admission. *Pro hac vice* admission requires the attorney to "associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court." LR 83.1(D)(1). Special admission is a conditional admission in a particular case without the association of local counsel. LR 83.1(D)(2). Both *pro hac vice* and special admissions are discretionary with the Court. LR 83.1(E)(1).

Upon careful review and consideration, the Court finds that in light of the complexity of the copyright laws at issue and the importance of the claims in this case, and the Court's interest in having all parties in any complex matters represented by counsel who are familiar with the Local Rules and the manner of practice in this District, the movant has failed to demonstrate that exceptional circumstances are present warranting the special admission of Defendant's counsel without the association of local counsel. Accordingly,

**IT IS, THEREFORE, ORDERED** that the Motion for Special Admission [Doc. 7] is **DENIED WITHOUT PREJUDICE**, with leave for filing a Motion for admission *pro hac vice* upon the association of local counsel as required by Local Rule 83.1(D)(1).

Also, in light of the fact that the Defendant's out-of-jurisdiction counsel is the only attorney identified for the Defendant, and that the Defendant is therefore unrepresented by any proper counsel at this time, the Consented to Motion for Extension of Time to File Responsive Pleading [Doc. 8] is **GRANTED** to the extent that the Defendant shall have an extension of time, up to and including January 17, 2008, to file a responsive pleading in this matter. Such responsive pleading must be filed through properly admitted counsel or by the Defendant herself, if she wishes to proceed in this matter *pro se*. Mr. Beal may file such responsive pleading on behalf of the Defendant if by that time he has associated local counsel and filed an appropriate motion for admission *pro hac vice*.

**IT IS SO ORDERED**.   Signed: January 4, 2008

Martin Reidinger
United States District Judge